## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Randle Cooke,                                        Civ. No. 08-1175 (MJD/JJK)

           Plaintiff,

v.

Dr. Shelly Stanton, MD (Psychiatrist);     **REPORT AND RECOMMENDATION**
Nancy Schwend, DO; and Warden
Duke Terrell, PhD (Psychologist);

           Defendants.

---

Randle Cooke, 18211-076, FMC, PMB 4000, Rochester, MN 55903, *pro se*.

David W. Fuller, Esq., Assistant United States Attorney, counsel for Defendants.

---

JEFFREY J. KEYES, United States Magistrate Judge.

This matter is before this Court on Plaintiff's Motion for Preliminary Injunction (Doc. No. 13) and Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment (Doc. No. 16). The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Plaintiff's Motion for Preliminary Injunction be denied and Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment be granted. In light of these recommendations, this Court also recommends that Plaintiff's Request for Leave for Written Deposition (Doc. No. 11), and Motion for Production of Documents (Doc. No. 22), be denied as moot, and that Plaintiff's Motion to Add Defendants to

the Above-Entitle[d] Cause (Doc. No. 42), and Plaintiff's Request for En[try] of

Default Judgment (Doc. No. 44) be denied.

## BACKGROUND

Plaintiff Cooke is a prisoner at the Federal Medical Center in Rochester,

Minnesota ("FMC Rochester").  (Doc. No. 1, Compl. at 2.)  Plaintiff allegedly

suffers from a variety of medical conditions, including partial paralysis/paraplegia,

chronic back pain, carpal tunnel syndrome, spinal scoliosis, and Renal Stone

Disease, and he has had multiple kidney and urinary tract infections.  (*Id.* at C-1.)

On April 29, 2008, he commenced this action under Title 42 U.S.C. § 1983,[1]

alleging that Defendants were deliberately indifferent to his serious medical

needs and that he was subjected to cruel and unusual punishment when he was

denied continued medical treatment in the form of narcotic pain-relief medication

while confined at FMC Rochester.

The Defendants all work at FMC-Rochester:  Dr. Shelly Stanton is the

Clinical Director, Dr. Nancy Schwend was Plaintiff's primary care physician, and

Duke Terrell is the Warden.  Plaintiff specifically alleges that Stanton

(1) wrongfully reduced, and later discontinued, his daily dose of methadone;

(2) failed to perform tests or examine Plaintiff prior to making this decision;

---

[1]     Because Defendants are federal, and not state, employees, to the extent
Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983, the Court construes
the Complaint liberally as a *Bivens* action.  *See Bivens v. Six Unknown Named
Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(3) failed to send Plaintiff to an orthopedic and pain management specialist;

(4) made false statements; and (5) acted in retaliation against him.  (Compl. at 3,

C-1, C-2, C-3.)  Plaintiff alleges that Defendants Schwend and Terrell

inappropriately deferred to Stanton's decision.  (*Id.* at A-1, C-4, C-5.)  In addition,

Plaintiff claims that Terrell "delayed the plaintiff in being able to seek specialty

advice by indicating he would be able to intervene with defendants[,]" and

"promised" to arrange for an independent evaluation of Plaintiff's condition, but

failed to follow through on his promise.  (*Id.* at A-1, C-4, C-5.)  Based on these

allegations, Plaintiff asserts violations of his rights under the Eighth Amendment.

On June 27, 2008, prior to Defendants appearing in this case, Plaintiff filed

a Motion for a Preliminary Injunction.  (Doc. No. 13.)[2]  On August 5, 2008, rather

than answering Plaintiff's Complaint, Defendants brought a Motion to Dismiss, or

in the Alternative for Summary Judgment.  (Doc. No. 16.)  With their motion,

Defendants submit four declarations addressing Plaintiff's claims.  Plaintiff filed a

memorandum opposing Defendants' motion.

---

[2]     On August 8, 2008, the Court issued an Order requiring Defendants to file
any opposition to Plaintiff's Motion for Preliminary Injunction by August 22, 2008.
(Doc. No. 20.)  On August 22, 2008, Defendants filed a memorandum in
opposition to Plaintiff's Motion for Preliminary Injunction, raising the argument,
among others, that the motion should be denied because Defendants were not
properly served with the motion.  (Doc. No. 25.)

**DISCUSSION**

**I.     Standard of Review**

Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6).  Rule 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "In order to properly dismiss an action under Rule 12(b)(1), the challenging party must successfully attack the Complaint, either upon its face or upon the factual truthfulness of its averments."  *Moubry v. Indep. Sch. Dist. No. 696*, 951 F. Supp. 867, 883 (D. Minn. 1996) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).  Here, Defendants challenge Plaintiff's pleading on its face.  When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a Complaint are insufficient to establish jurisdiction—the Court reviews the pleadings alone, and "the non-moving party [is afforded] the same protections that it would receive under a Rule 12(b)(6) motion to dismiss."  *Carson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1073 (D. Minn. 2001) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*,

4

183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1959.

A motion to dismiss can be converted to a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). However, a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure without transforming the motion into one for summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Enervations, Inc. v. Minn. Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (stating that "documents necessarily embraced by the complaint are not matters outside the pleadings") (quotations omitted). Here, although Defendants submitted some materials in support of their

5

motion, and although Plaintiff requests certain discovery, because this Court's decision rests entirely on the pleadings and materials embraced by the Complaint, it analyzes the Defendants' motion under the framework of Rule 12(b)(6), rather than under the regimen of Rule 56.

## II.    Motion to Dismiss

### A.    Sovereign Immunity

Defendants contend that the doctrine of sovereign immunity bars the action against Schwend and Terrell, and that Plaintiff's claims against them should be dismissed and judgment entered on behalf of the United States as a matter of law pursuant to Fed. R. Civ. P. 12(b)(1).  Defendants point out that in Plaintiff's Complaint, Plaintiff specifies that he brings the action against Stanton "in both her individual and professional capacities." (Compl. at 3.)  However, Plaintiff does not specify whether he brings the action against Schwend and Terrell in their individual or official capacities.  Because this specification is missing, Defendants argue that the action must be treated as a claim against Schwend and Terrell in their official capacities.  Defendants further argue that because a claim against a federal employee in his or her official capacity is deemed an action against the United States, and the United States has not waived sovereign immunity to *Bivens* claims, sovereign immunity bars Plaintiff's claims against Schwend and Terrell.

6

Federal sovereign immunity deprives a court of subject matter jurisdiction. *See Riley v. United States*, 486 F.3d 1030, 1031-32 (8th Cir. 2007).  Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.  When a party brings a motion based on deficiencies in the complaint, a court only examines the allegations in the complaint, which are taken with all reasonable inferences for the plaintiff.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

This Court disagrees with Defendants' argument.  Sovereign immunity attaches when the judgment will affect the public treasury or otherwise interfere with the government's ability to act.  *Dugan v. Rank*, 372 U.S. 609, 620 (1963).  "[W]hen an individual government employee violates the constitution, that person necessarily exceeds the scope of those acts lawfully authorized by the government."  *Hill v. Anderson*, No. 06-4497, 2008 WL 319898, at *2 (D. Minn. Feb. 5, 2008) (citing *Bivens*, 403 U.S. at 396-97).  And when a "plaintiff prevails on a *Bivens* claim, the judgment is paid by the employee personally, not the United States."  *Id.* (citing *Hartje v. Fed. Trade Comm'n*, 106 F.3d 1406, 1408 (8th Cir. 1997)).  Therefore, the only way a *Bivens* claim can proceed is against a government employee in an individual capacity because "the only relief is for damages from the employee in an individual capacity."  *Hill*, 2008 WL 319898, at *2.  In other words, "[a] *Bivens* claim does not permit relief against a government employee in an official capacity."  *Id.*  Therefore, "[b]ecause a proper

7

*Bivens* claim can only involve the personal liability of a government employee,

sovereign immunity cannot attach[,]" *Hill*, 2008 WL 319898, at *3,[3] and

Defendants' argument for dismissal on this ground fails.[4]

**B.    Failure to State a Claim – Eighth Amendment claims and Qualified Immunity**

All of Plaintiff's asserted claims are based on Eighth Amendment violations.

Defendants have moved to dismiss Plaintiff's claims on the ground that they are

entitled to qualified immunity from suit.

To prevail on a motion to dismiss, "defendants must show that they are

entitled to qualified immunity on the face of the complaint." *Bradford v.*

*Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). The applicability of the qualified

immunity doctrine is a question of law and, when qualified immunity is raised as a

---

[3]      In *Hill*, the court said that "[i]t is questionable whether the subject matter jurisdiction of this Court should hinge on a technical error, especially where a pro se plaintiff has yet to fully litigate a motion to amend." *Id.* at *2. Thus, "it makes no sense to require a plaintiff to specify whether a *Bivens* claim is proceeding against a government employee in an official or an individual capacity[,]" and "[t]he application of an official-capacity presumption would make a *Bivens* complaint defective for failure to mention a futile theory of recovery." *Id.* at *3. Such an approach "is misguided, and it certainly does not comport with the rule that courts liberally examine the allegations in a pro se complaint." *Id.* (citing *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir. 2006)).

[4]      Here, subject matter jurisdiction is satisfied because *Bivens* claims fall within federal question jurisdiction. *See Duffy v. Wolle,* 123 F.3d 1026, 1033 (8th Cir.1997) (noting that the Supreme Court in *Bivens* "recognized in the Constitution and the general federal question jurisdictional statute, 28 U.S.C. § 1331, an inherent cause of action for damages against federal actors for violations of federal constitutional rights").

defense, courts analyze the application of qualified immunity by first addressing "whether the allegations amount to a constitutional violation, and then, whether that right was clearly established." *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 526 (8th Cir. 2007); *see also Jones v. Shields*, 207 F.3d 491, 494 (8th Cir. 2000) (stating that when qualified immunity is asserted, the court "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all . . . . Only then do we ask whether that right was clearly established at the time of the alleged violation") (quotations and citations omitted).  Here, this Court finds that Plaintiff's allegations in the Complaint do not amount to a constitutional violation.

### (i)    no constitutional violation

It is well-established that deliberate indifference to a prisoner's serious medical needs is prohibited by the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (concluding that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment") (citation and quotations omitted); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2005) (same).  "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'"  *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle*, 429 U.S. at 106).  To prevail on a claim of constitutionally inadequate medical care, an inmate must "demonstrate

(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *E.g.*, *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir. 2006) (quoting *Dulaney v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).  "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulaney*, 132 F.3d at 1239.

   "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).  However, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quotation omitted); *see also Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006) ("Malpractice alone is not actionable under the eighth amendment."); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (stating that prisoners "do not have a constitutional right to any particular type of treatment[,]" and "nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment").  "The [E]ighth [A]mendment does not transform medical malpractice into a constitutional claim."  *DeGidio v. Pung*, 920 F.2d 525, 532 (8th Cir. 1990).

Thus, if Plaintiff's Complaint fails to allege circumstances that could rise to the level of deliberate indifference, his Complaint should be dismissed for failure to state a claim.

In the Complaint, Plaintiff alleges that he was subjected to "unnecessary, wanton, intentional, and retaliatory pain and suffering" when he was denied pain medications that had been prescribed previously to the Plaintiff.[5]  However, Plaintiff has not pled that he was denied medical treatment.[6]  Instead, Plaintiff's complaint is with Defendant Stanton's decision to switch pain medications, and thereafter Defendant Schwend's decision to follow Stanton's directives.  This Court concludes that Plaintiff's allegations against Stanton and Schwend—that

---

[5]     In order to sustain a retaliation claim, a prisoner must show that (a) he exercised a protected constitutional right; (b) he was disciplined by prison officials; and (c) his exercise of the protected right was the motivation for the discipline.  *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990); *see also Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) ("The plaintiff-inmate has a heavy evidentiary burden to establish a prima facie case" of retaliation, and "[m]erely alleging that an act was retaliatory is insufficient.")  Because Plaintiff has presented nothing more than a conclusory allegation of retaliation, and, more specifically, because Plaintiff does not identify the protected constitutional right he was allegedly exercising and for which Stanton was supposedly attempting to punish him by switching his pain medications, Defendant's Motion to Dismiss should also be granted with respect to any retaliation claim made by Plaintiff.

[6]     *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

they deliberately disregarded his serious medical need by removing him from previously prescribed pain medications—amounts to a disagreement over a treatment decision, which is not enough to establish deliberate disregard of serious medical needs.  *See Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (finding that the disagreement did not establish deliberate indifference); *Jolly*, 205 F.3d at 1096 (stating that for a deliberate-indifference claim, plaintiff must demonstrate that he suffered from objectively serious medical need that defendants knew of yet ignored; mere disagreement with treatment decisions does not rise to the level of a constitutional violation); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (concluding that defendant had no duty to give plaintiff medications prescribed by a psychiatrist who was no longer treating plaintiff without consulting the physicians responsible for the care of Detention Center inmates and stating that plaintiff had proved "nothing more than a disagreement as to the proper course of treatment, which is not actionable under the Eighth Amendment").

If it is true that Defendant Stanton made the decision to switch pain medications without first examining Plaintiff, and the switching of medications proved to be less effective, at the most Plaintiff might have a negligence claim against the Defendants.  However, viewing the facts pled in a light most favorable

12

to Plaintiff, the Court concludes there has been no violation of Plaintiff's Eighth

Amendment rights.[7]

Plaintiff also brought an Eighth Amendment claim against Terrell, the acting

Warden at FMC Rochester, alleging that Terrell caused him delay in seeking

relief from the Court by suggesting that "a resolution could be found 'in house', by

[Terrell's] intervention with other defendants[,]" but making no attempts to do so.

(Compl. at A-1.)  Plaintiff also alleges that Terrell "'agreed' to have [Plaintiff] seen

by Mayo Clinic Pain Management Clinic in order to have independent

conf[i]rmation of the multiplicity of conditions [Plaintiff] suffers from and that long-

term previously prescribed pain treatment medications were warranted and

effective for [Plaintiff,]" but yet never scheduled the clinic visit.  (*Id.*)  Plaintiff

asserts that for Terrell "to not provide specialty treatment and promised

consultation is causing the continued pain and suffering to the degree of being

complicit and negligent along with the other defendants."  (*Id.* at C-5.)  In addition,

Plaintiff generally alleges that Terrell "knows the specialty of Defendant Stanton,

proving deliberate indifference as access to medical staff has no meaning if

medical staff is not competent to deal with plaintiff's problems[.]"  (*Id.* at C-4.)

---

[7]      Plaintiff cites *Sims v. C.L. Amams, III*, 537 F.2d 829, 832 (5th Cir. 1976),
for the proposition that a qualified immunity defense "rarely, if ever, justif[ies]
dismissing a complaint in response to a bare Rule 12(b)(6)."  First, *Sims* is not
binding on this Court.  But more importantly, because this Court concludes that,
as alleged, there has been no violation of the Plaintiff's Eighth Amendment rights,
*Sims* is clearly distinguishable.

To the extent that Plaintiff's allegations against Terrell are based on Terrell's alleged promises, Plaintiff's claims fail.  As stated above, the Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs.  *See Estelle*, 429 U.S. at 104-05; *Albertson*, 458 F.3d at 765.  However, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court explained the "deliberate indifference" standard by articulating a "subjective test of culpability." *Id.* at 837.  Specifically, the Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* Accordingly, an official cannot be held liable for an act or omission that is unaccompanied by the knowledge of a significant risk of harm, as such action, or inaction, "cannot under [the Supreme Court's] cases be condemned as the infliction of punishment."  *Id.* at 838.

Therefore, even if it is assumed true, as it must be under the standard of review, that Terrell made the alleged promises to Plaintiff, Terrell's failure to fulfill these promises does not mean that Terrell knew of a significant risk of harm to Plaintiff and therefore acted with deliberate indifference.  Plaintiff alleges only that Terrell "knows the specialty of Defendant Stanton," in support of his contention that Terrell acted with deliberate indifference.  Read in a light most favorable to Plaintiff, Plaintiff's complaint is that Terrell failed to take any steps to have the

14

negligent medical treatment Plaintiff was supposedly receiving from Stanton and Schwend reviewed by specialists at Mayo, despite Terrell's alleged promises to have this done.  But, as discussed above, allegations of medical malpractice do not give rise to a constitutional violation.  Thus, Terrell's alleged breach of his promise to have the medical treatment—in this case, the prescription of a pain medication regimen by Clinical Director Stanton and treating physician Schwend—reviewed by a third party, cannot amount to a constitutional violation. Accordingly, the Court recommends that all claims against Terrell be dismissed because Plaintiff has not stated a *Bivens* claim against Terrell as a matter of law.

### (ii)    the asserted right was not clearly established

Furthermore, even if the Court disagrees and concludes that Defendants' treatment of the Plaintiff did violate the Constitution, this Court finds that the Defendants are entitled to qualified immunity because Plaintiff's asserted right was not clearly established.

"Qualified immunity is not a defense available to governmental entities, but only to government employees sued in their individual capacity."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  A government official who is performing discretionary functions is generally shielded from civil liability if it is shown that his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "Qualified immunity is available 'to all but

15

the plainly incompetent or those who knowingly violate the law.'"  *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Therefore, liability does not arise from an official's bad guess in a gray area, but instead flows only from the transgression of a bright line.  *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004).

A motion to dismiss based on qualified immunity requires the court to "view[] the allegations in the complaint in the light most favorable to the plaintiff." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).  "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."  *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (quotations omitted).  The contours of the constitutional right at issue "must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right[,]" but "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful[; rather] it is to say that in light of pre-existing law the unlawfulness must be apparent."  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Thus, "[t]he doctrine gives ample room for mistaken judgments but does not protect the plainly incompetent or those who knowingly violate the law."  *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996) (quotations omitted); *see also*

16

*Saucier v. Katz*, 533 U.S. 194, 205 (2001) (stating that "[i]f the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense").  "This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued."  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quotations omitted).

Here, all three Defendants are entitled to qualified immunity, as the unlawfulness of the treatment given (*i.e.*, the unlawfulness of switching the pain medications) was not apparent.  *See Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (finding that the efforts of the prison doctors, including their efforts in offering plaintiff other types of pain killers, did not reflect deliberate indifference to plaintiff's medical needs).  Therefore, this Court recommends that Defendants' Motion to Dismiss should be granted and Plaintiff's Eighth Amendment claims should be dismissed in their entirety.

### C.    Failure to Exhaust Administrative Remedies Regarding Defendants Terrell and Schwend

Even if Defendants were not entitled to qualified immunity, this Court would still recommend that Plaintiff's Complaint be dismissed as to all claims against Terrell and Schwend for Plaintiff's failure to exhaust administrative remedies.

It is well settled that a plaintiff prisoner must exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") and that unexhausted claims cannot be brought in court.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007)

(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).[8]  When a complaint contains "mixed claims," in which a prisoner has failed to exhaust some, but not all of the claims, "the court proceeds with the good and leaves the bad[.]"  *Jones*, 549 U.S. at 221.

FMC-Rochester, like other Federal prisons, follows the sequential grievance system enunciated in 28 C.F.R. §§ 542.10 through 542.19.  Under that framework, when a prisoner brings a complaint, he is first required to "present [the] issue of concern informally to staff," who "attempt[s] to informally resolve the issue[.]"  28 C.F.R. § 542.13(a).  If the inmate is not satisfied with that informal resolution, he may then file an Administrative Remedy Request with the Warden within 20 days following the date on which the basis for the Request occurred.  *See* 28 C.F.R. § 542.14(a).  To appeal a Warden's decision, an inmate must file an appeal with the appropriate Regional Director within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  "An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed

---

[8]     The exhaustion provision of the PLRA states:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

the response[,]" which constitutes "the final administrative appeal." *Id.* Therefore, in order to have exhausted the administrative grievance procedure, an inmate must have followed the sequential process through to a determination by the General Counsel.

In the Complaint, Plaintiff represents that he has exhausted all three formal steps of the administrative grievance procedure. Defendants contend, however, that Plaintiff has not exhausted his administrative remedies with respect to his claims against Terrell and Schwend, and therefore those claims should be dismissed.

This Court agrees with Defendants. Title 42 U.S.C. § 1997e(a) expressly requires that prisoner litigants must exhaust all of their available administrative remedies before seeking relief in Federal Court. *See also Porter*, 534 U.S. at 532 (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Based upon copies of the administrative record, this Court finds that Plaintiff did not raise any issue as to Terrell or Schwend in any of his administrative appeals, and therefore his claims asserted in the Complaint against those Defendants are not exhausted. Accordingly, this Court concludes that Plaintiff has failed to state a

cause of action on which relief can be granted for those claims asserted against

Terrell or Schwend, and recommends that those claims be dismissed.[9]

## III.    Motion for Preliminary Injunction

Plaintiff requests that an injunction be issued that: (1) compels his doctors

to immediately return him to his previously prescribed pain treatment; and

(2) precludes Stanton, Schwend, or any medical personnel under Stanton's

supervision, from treating his conditions.

The Court considers the following factors in determining whether or not to

grant a preliminary injunction:  "(1) the threat of irreparable harm to the movant;

(2) the state of balance between this harm and the injury that granting the

injunction will inflict on other parties litigant; (3) the probability that movant will

succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. C L

Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  A preliminary injunction is a "drastic

and extraordinary" remedy and should only issue in exceptional circumstances

when "the balance of equities so favors the movant that justice requires the court

to intervene to preserve the status quo until the merits are determined."  *Id.* at

113.

---

[9]     If this were the only basis for dismissal of Plaintiff's claims against Terrell
and Schwend, this Court would have recommended that the claims be dismissed
without prejudice.  However, because this Court finds that Plaintiff's claims
against Terrell and Schwend should be dismissed on other grounds as well, as
explained above, this Court recommends that Plaintiff's claims be dismissed with
prejudice.

An essential element for granting a preliminary injunction is a "likelihood of success on the merits." *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) ("The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors."). In Plaintiff's submission, he did not make a showing of any likelihood of success on any of his claims against the Defendants asserted in his Complaint. Moreover, because this Court concludes that Defendants' Motion to Dismiss should be granted as explained above, this Court concludes that the likelihood-of-success-on-the-merits element is not met. Accordingly, this Court recommends that Plaintiff's request for an injunction be denied.

## IV.    Plaintiff's Discovery Motions

Because the Court concludes that Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice, the Court also concludes that Plaintiff's discovery motions should be denied as moot. Accordingly, this Court recommends that Plaintiff's Request for Leave for Written Deposition (Doc. No. 11), and Plaintiff's Motion for Production of Documents (Doc. No. 22) be denied as moot.

## V.    Motion to Add Defendants

Plaintiff also filed a Motion to Add Defendants to the Above-Entitle[d] Cause. (Doc. No. 42.) Plaintiff bases his motion on Federal Rules of Civil Procedure 21 and 19 regarding joinder. Because Plaintiff's motion seeks to add new Defendants to this action, it could also be construed as a motion to amend

his Complaint.[10]   Regardless of which rule Plaintiff's motion is brought under,

Plaintiff's motion should be denied because the requested addition and or

amendment would be futile.

"Good reason to deny leave to amend exists if amendment would be futile."

*Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994).   And

denying leave to amend because the amended claims would be futile "means that

the court reached a legal conclusion that the amended complaint could not

withstand a Rule 12 motion."   *In re Senior Cottages of Am., LLC*, 482 F.3d 997,

1001 (8th Cir. 2007).

If this Court's recommendation to grant Defendants' Motion to Dismiss is

adopted, then Plaintiff's Motion to Add Defendants should be denied.   Plaintiff

contends in his motion that he would assert claims against several newly named

Defendants located at his new Federal Corrections Institution[11] for "continuing the

actions of[] the primary defendant[s] in this cause[.]"   (Pl.'s Mot. to Add Defs. to

---

[10]      If construed as a motion to amend, the motion should be denied because
Plaintiff did not submit a copy of his proposed Amended Complaint with his
motion, as clearly required by Local Rule 15.1.

[11]      Plaintiff requests to add the following people as Defendants: (1) Warden
Tracy Johns; (2) Associate Warden Haulk; (3) Lt. Cmdr. Kilpatrick – Assistant
Medical Director; (4) Dr. Duchesne – Plaintiff's new primary care physician;
(5) MLP Gonzalez – Plaintiff's Physician Assistant; (6) Nurse Verdedt; (7) Nurse
Elkerson, and (8) others that are known by appearance but unable to name yet
part of this Federal Correction Institution's medical staff such as emergency
medical technicians.

the Above-Entitle[d] Cause 1.)  Plaintiff states that the claims asserted against the

proposed new Defendants "arise out of the same transactions, occurrences,

and/or series of transactions and occurrences . . . with the present defendant(s)

in this cause[.]"  (*Id*. at 2-3.)  Therefore, the claims that Plaintiff would assert

against the proposed new Defendants would fail for the same reasons that the

claims fail against the originally-named Defendants (explained above).

Accordingly, this Court concludes that any amendment to add the new

Defendants would be futile, and therefore recommends that Plaintiff's motion to

add Defendants be denied.

## VI.   Request for En[try] of Default Judgment

Plaintiff also filed a Request for En[try] of Default Judgment (Doc. No. 44)

in which he argues that Defendants have failed to address all of the issues raised

in the Complaint.  Specifically, Plaintiff claims that Defendants have not

addressed Plaintiff's claim that Defendant Stanton provided false entries into

Plaintiff's medical record.  Plaintiff also claims that Defendants have not provided

Plaintiff with the "Declarations" referenced in their motion to dismiss,[12] and that

the transfer of Plaintiff by the Defendants is suspect.[13]

---

[12]   The record reflects that Defendants filed a Certificate of Service on August 5, 2008, certifying that they served Defendant with the memorandum in support of their motion to dismiss.  Because the declarations Plaintiff refers to were filed in the same docket entry as the memorandum, it is presumed, based on the certification, that service of such declarations were made to Plaintiff along with the memorandum.

(Footnote Continued on Next Page)

23

Because Defendants have appeared in this matter and have defended by filing a motion to dismiss, this Court recommends that the Plaintiff's request for an entry of default judgment be denied as without merit.  *See In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) ("The entry of default judgment is not favored by the law . . . and should be a rare judicial act.") (citation and quotations omitted); *Am. States Ins. Corp. v. Technical Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998) ("Accordingly, [w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on their merits.") (quotations omitted).

---

(Footnote Continued from Previous Page)

[13]    Federal courts have repeatedly recognized that unwanted prison transfers, segregated confinement, and lost privileges, are normal and expectable experiences of prison life, and they are not the kind of "atypical and significant hardship" that implicate constitutionally protected liberty interests. *Freitas v. Ault*, 109 F.3d 1335, 1337 (8th Cir. 1997) (stating that prisoner had no constitutionally protected liberty interest in remaining in a less restrictive prison environment, and he therefore was not entitled to due process before being transferred to a more restrictive institution); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668-69 (8th Cir. 1996) (stating that prisoner was not entitled to due process before being transferred from a work release facility to far more restrictive housing in a state reformatory); *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (stating that prison authorities "may transfer a prisoner for whatever reason or for no reason at all") (quotations omitted).  Therefore, because Plaintiff's prison transfer, and his earlier disciplinary confinement, does not constitute the kind of atypical and significant hardship that would implicate a protected liberty interest, Plaintiff would not be able to maintain a due process claim based on those sanctions.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1.      Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment (Doc. No. 16) be **GRANTED**;

2.      Plaintiff's Motion for Preliminary Injunction (Doc. No. 13) be **DENIED**;

3.      Plaintiff's Request for Leave for Written Deposition (Doc. No. 11) be **DENIED AS MOOT**;

4.      Plaintiff's Motion for Production of Documents (Doc. No. 22) be **DENIED AS MOOT**;

5.      Plaintiff's Motion to Add Defendants to the Above-Entitle[d] Cause (Doc. No. 42) be **DENIED**;

6.      Plaintiff's Request for En[try] of Default Judgment (Doc. No. 44) be **DENIED**; and

7.      This case be **DISMISSED WITH PREJUDICE**.


Date: November 18, 2008

                              s/Jeffrey J. Keyes
                              _____
                              JEFFREY J. KEYES
                              United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 2, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the

objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.