UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RANDLE COOKE,

          Plaintiff,

v.                              **ORDER**
                                **CIVIL FILE NO. 08-1175 (MJD/JJK)**

DR. SHELLY STANTON, *MD (Psychiatrist)*; NANCY SCHWEND, *DO*; and DUKE TERRELL, *PhD (Psychologist)*

          Defendants.

Randle Cooke, pro se.

David W. Fuller, United State's Attorney's Office, Counsel for Defendants.

This matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated November 18, 2008. [Docket No. 46]. Plaintiff Randle Cooke filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the Report and Recommendation, with the following additions.

1

The Court takes note of the fact that Plaintiff is no longer a prisoner at the Federal Medical Center in Rochester, Minnesota.  According to the record, Plaintiff is now incarcerated at the Federal Correctional Institute in Butner, North Carolina.

In addition, the Court recognizes the significance of the fact that Plaintiff is pro se.  In his Motion in Opposition to Magistrate's Recommendation [Docket No. 48], Plaintiff argues that the Report and Recommendation holds Plaintiff to the same standards as a trained attorney.  After considering Plaintiff's arguments, the Court concludes that the Report and Recommendation does not hold Plaintiff to an unfairly high standard.

Pro se complaints are held to a lower standard with respect to motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, in order to survive a motion to dismiss, a well-pleaded complaint "must contain something more than conclusory statements unsupported by specific facts."  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981).  "When the allegations are conclusory 'the court has a duty to measure (the) allegations in light of the factual claims actually made."  Id. (citing Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339, 341 (8th Cir. 1973)).

Even after holding the Complaint to a lower standard, it appears beyond doubt that, on the basis of the allegations contained within the Complaint, Plaintiff can prove no set of facts in support of his claims against Defendants. Therefore, the Court agrees with Magistrate Judge Keyes's corresponding conclusion that Plaintiff fails to state a claim upon which relief can be granted for the reasons stated in the Report and Recommendation.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated November 18, 2008 [Docket No. 46].

2. Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment [Docket No. 16] is **GRANTED**.

3. Plaintiff's Motion for Preliminary Injunction [Docket No. 13] is **DENIED**.

4. Plaintiff's Request for Leave for Written Deposition [Docket No. 11] is **DENIED AS MOOT**.

5. Plaintiff's Motion for Production of Documents [Docket No. 22] is **DENIED AS MOOT**.

6. Plaintiff's Motion to Add Defendants to the Above-Entitle[d] Cause [Docket No. 42] is **DENIED**.

7. Plaintiff's Request for En[try] of Default Judgment [Docket No. 44] is **DENIED**.

8. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 17, 2009         s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court